# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Murray American Energy, Inc.,**
**Employer Below, Petitioner**

**v.)**  **No. 25-884**  (JCN: 2019025668)
(ICA No. 25-ICA-78)

**Joseph M. Gasvoda**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc. appeals the October 24, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Murray American Energy, Inc. v. Gasvoda*, No. 25-ICA-78, 2025 WL 2993688 (W. Va. Ct. App. Oct. 24, 2025) (memorandum decision). Respondent Joseph M. Gasvoda filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the Board of Review's order, dated January 29, 2025. The Board of Review reversed the claim administrator's order, dated May 11, 2023, granting no additional permanent partial disability based on the claim. Instead, the Board of Review granted Mr. Gasvoda an additional 4% permanent partial disability award, for a total award of 13% permanent partial disability for the injury. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

On appeal, the employer argues that the ICA's memorandum decision was clearly wrong because the Board of Review improperly applied West Virginia Code § 23-4-1g by weighing only the reports of Prasadarao B. Mukkamala, M.D. and Bruce A. Guberman, M.D., rather than considering all of the evidence submitted in the claim. The employer asserts that a proper weighing of all of the evidence shows that a preponderance of the evidence demonstrates that the claimant suffered a 9% whole person impairment as a result of the compensable injury. The employer further contends that the claimant's medical records clearly demonstrate that he suffered not only from a pre-existing right wrist condition, but also from impairment in the form of significantly decreased right wrist range of motion prior to the compensable injury in the claim. As such, the employer seeks a reversal of the ICA's decision.

The claimant counters by arguing that he was asymptomatic from his prior right upper extremity injury and surgeries in 2005, and he had been performing heavy manual labor duties as

---

[1] The petitioner is represented by counsel Aimee M. Stern, and the respondent is represented by counsel M. Jane Glauser.

an underground coal miner since 2015 for the employer. The claimant argues that the employer failed to meet the burden of producing evidence that the prior 2005 injury had resulted in any ongoing "definitely ascertainable impairment" which affected the claimant's ability to work and to function more than the 5% impairment found by Dr. Mukkamala. *See* W. Va. Code § 23-4-9b. Because the apportionment of permanent partial disability at 9% for the compensable injury was incorrectly determined, based upon the inaccurate and conflicting opinions of apportionment by Dr. Mukkamala, the claimant argues that the ICA did not err in affirming the Board of Review's order dated January 29, 2025.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: June 1, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III